**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PROBATION OFFICE**

**MANUEL A. JIMENEZ**
**Chief U.S. Probation Officer**

**JONATHAN J. HENSHAW**
**Deputy Chief U.S. Probation Officer**

**JACQUELINE S. WIDMEIER**
**Asst. Deputy Chief U.S. Probation Officer**

**MAIN OFFICE**
**WILLIAM J. GREEN FEDERAL BUILDING**
600 ARCH STREET, SUITE 2400
PHILADELPHIA, PA 19106-1679
215-597-7950

**SATELLITE OFFICES**

**EDWARD N. CAHN FEDERAL BUILDING**
504 W. HAMILTON STREET, 1st FL
ALLENTOWN, PA 18101
610-434-4062

**THE GATEWAY BUILDING**
201 PENN STREET, 1ST FL
READING, PA 19601
610-320-5253

September 1, 2026

**MEMORANDUM**

**TO:** The Honorable Paul S. Diamond

**RE:** Kent, Rosalyn
CASE NO. 2:19CR000041-001

Attached for Your Honor's consideration is a Petition for revocation action. A Report that provides the Court with the applicable statutory provisions and sentencing guideline policy statements which control revocation along with related information is forthcoming.

Should Your Honor wish to discuss the contents of the Petition, please contact the undersigned probation officer at 267-299-4539.

Respectfully submitted,

Manuel A. Jimenez
Chief U.S. Probation Officer

Keisha M Adams
Digitally signed by Keisha M Adams
Date: 2026.09.01 14:28:53 -04'00'

Keisha M. Adams
U.S. Probation Officer

KMA
Attachments
cc: Assistant U.S. Attorney
Defense Attorney

# PROBATION AND SUPERVISED RELEASE VIOLATIONS

## Classification of Violations

(a) There are three grades of probation and supervised release violations:

(1) Grade A Violations -- conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. §5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years;

(2) Grade B Violations -- conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year;

(3) Grade C Violations -- conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

(b) Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

## REVOCATION TABLE
**(in months of imprisonment)**

**Criminal History Category***

| Grade of Violation | I | II | III | IV | V | VI |
|---|---|---|---|---|---|---|
| Grade C | 3-9 | 4-10 | 5-11 | 6-12 | 7-13 | 8-14 |
| Grade B | 4-10 | 6-12 | 8-14 | 12-18 | 18-24 | 21-27 |
| Grade A | (1) Except as provided in subdivision (2) below: | | | | | |
| | 12-18 | 15-21 | 18-24 | 24-30 | 30-37 | 33-41 |
| | (2) Where the defendant was on probation or supervised release as a result of a sentence for a Class A felony: | | | | | |
| | 24-30 | 27-33 | 30-37 | 37-46 | 46-57 | 51-63 |

* The criminal history category is the category applicable at the time the defendant originally was sentenced to a term of supervision.

Note: Mandatory revocation of probation is required when the new offense is possession of a firearm or the illegal possession of controlled substances. Reference Sections 6214 and 7303 respectively of the Anti-Drug Abuse Act of 1988 (Pub S No. 100-690, November 18, 1988).

Note: The Commission leaves to the Court the determination of whether evidence of drug usage established solely by laboratory analysis constitutes a possession of a controlled substance "as set forth in 18, USC 3565(a) and 3583(g)."

PROB 12
(Rev. 10/93)

# United States District Court

for the

**Eastern District of Pennsylvania**

September 1, 2026

U.S.A. vs. Rosalyn Kent Case No. 2:19CR000041-001

## VIOLATION OF SUPERVISED RELEASE

COMES NOW Keisha M. Adams U.S. PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Rosalyn Kent who was placed on Supervised Release by the Honorable Paul S. Diamond sitting in the Court at Philadelphia, PA, on the 7th day of January 2020 who fixed the period of supervision at three years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

ORIGINAL OFFENSE: Conspiracy to commit access device fraud and identity theft (Count One), access device fraud and aiding and abetting (Count Two), aggravated identity theft and aiding and abetting (Counts Three and Four).

ORIGINAL SENTENCE: The defendant was committed to the custody of the Federal Bureau of Prisons (BOP) for a total term of one (1) day on each of Counts One and Two to run concurrently with each other plus 12 months on each of Counts Three and Four to run concurrently with each other and consecutively to Counts One and Two. This sentence is to be followed by a three-year term of supervised release on each of Counts One and Two and one year on each of Counts Three and Four all to run concurrently with each other. A $400.00 special assessment was imposed.

SPECIAL CONDITIONS: 1) The defendant shall refrain from the illegal possession and use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to evaluation and treatment as approved by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the Court; 2) The defendant shall provide the U.S. Probation Office with full disclosure of her financial records to include yearly income tax returns upon request. The defendant shall cooperate with the Probation Officer in the investigation of her financial dealings and shall provide truthful monthly statements of her income; 3) The defendant is prohibited from incurring any new credit charges or opening additional lines of credit without the

approval of the probation officer, unless the defendant is in compliance with a payment scheduled for any fine or restitution obligation or otherwise has the express approval of the Court. The defendant shall not encumber or liquidate interest in any assets unless it is in direct service of the Fine or Restitution obligation or otherwise has the express approval of the Court; 4) The defendant shall participate in a mental health program for evaluation and/or treatment as approved by the Court after receiving a recommendation by the Probation Office. The defendant shall remain treatment until satisfactorily discharged with the approval of the Court; 5) The defendant shall participate in a program aimed at learning a vocation, or improving the defendant's literacy, education level, or employment skills in order to develop or improve skills needed to obtain and maintain gainful employment. The defendant shall remain in any recommended program until completed or until such time as the defendant is released from attendance by the probation office; and 6) The defendant shall pay restitution in the amount of $9,619.34. Payment of the Restitution and the Special Assessment is a condition of Supervised Release, and the defendant shall satisfy the amount due in monthly installments of not less than $50.00.

DATE SUPERVISION COMMENCED: June 5, 2024

DATE SUPERVISION TERMINATES: June 4, 2027

The above probation officer has reason to believe that the supervised releasee has violated the terms and conditions of their supervision under such circumstances as may warrant revocation. These conditions are:

A. Special Condition: The defendant shall refrain from the illegal possession and use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to evaluation and treatment as approved by the U.S. Probation Office. The defendant shall abide by the rules of any program until satisfactorily discharged with the approval of the Court.

Ms. Kent has submitted drug screens that were confirmed to be positive for the use of illegal drugs on the following dates:

July 30, 2025 (cocaine); August 4, 2025 (cocaine); September 5, 2025 (cocaine) and January 13, 2026 (cocaine and marijuana).

Ms. Kent also failed to report for Random Urine Testing (RUT) as required on August 5, 2025, September 4, 2025, September 8, 2025, and September 16, 2025.

These violations stem from a May 7, 2025 episode in which Ms. Kent relapsed and returned to the use of cocaine and marijuana. During a home visit with the probation officer on that date, Ms. Kent submitted a urine sample that was provisionally positive for the use of marijuana and cocaine. At that time, she admitted to using cocaine and marijuana at a party and attributed this relapse to ongoing stress and conflict in her home, in which she has been the victim of intimate partner violence. Ms. Kent was actively enrolled in an outpatient mental health treatment program. She was instructed to seek substance use treatment as well.

Because Ms. Kent is the primary source of income for her household and she also has a special needs son, the probation officer attempted to afford her ample opportunity to address her behavioral health concerns through available community treatment.

At that time, Ms. Kent was enrolled in the Random Urine Testing (RUT) program on July 22, 2025. Ms. Kent completed an intake appointment at Northeast Treatment Centers (NET) in August 2025 as directed. However, she failed to attend enough sessions and was ultimately discharged due to non-attendance.

During this time, Ms. Kent also started missing scheduled appointments with this officer to discuss her treatment adherence. She was again given an opportunity to re-engage in treatment at NET. In January 2026 but during this process, she learned that her insurance had been turned off, and she required assistance in obtaining treatment.

During a January 13, 2026 meeting at the probation office, she was given assistance with her insurance and with obtaining a co-occurring program for integrated drug and mental health services. Ms. Kent confirmed she was re-enrolled in the NET program. However, subsequently she was unable to verify her attendance.

On June 17, 2026 and July 27, 2026, Ms. Kent was warned that she must enroll in outpatient treatment and verify her enrollment to the probation office. She was warned that her failure to enroll in outpatient treatment would result in a sanction. To date, she has failed to do so.

As set forth below, the probation officer has attempted to have Ms. Kent report to the probation office to initiate increased services and community-based sanctions. Ms. Kent has failed to respond to directives to report to the probation office to address her noncompliance.

**GRADE OF VIOLATION** **C**

B Special Condition: The defendant shall participate in a mental health program for evaluation and/or treatment as approved by the Court after receiving a recommendation by the Probation Office. The defendant shall remain treatment until satisfactorily discharged with the approval of the Court

Ms. Kent had previously attended outpatient mental health treatment at Citywide Behavioral Health. Following her May 2025 relapse, Ms. Kent stopped consistently attending mental health treatment and failed to provide verification of attendance. As noted above, our office attempted to work with Ms. Kent to enroll her in a co-occurring treatment program, but she failed to report to the office as directed to start this process.

**GRADE OF VIOLATION** **C**

C Standard Condition #2: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as directed.

Ms. Kent has failed to report to the office as directed by the undersigned officer and supervisor. Efforts have been made to work with scheduling appointments around Ms. Kent's work schedule and family situation, but she has still failed to report as directed.

Most recently, Ms. Kent failed to report as instructed on May 14, 2026 and June 18, 2026. On July 27, 2026, the undersigned supervisor visited Ms. Kent at her residence and explained to her the importance of reporting in person. She was offered a date and time of her choosing. She agreed to report on August 6, 2026 at 10 a.m. However, she failed to report. The probation officer gave Ms. Kent written instructions to report on August 20, 2026, and another opportunity was given on August 28, 2026. She has sent several text messages explaining why she could not report to the office despite our attempts to work with her circumstances. Ms. Kent has failed to report to the office as directed as of this writing.

**GRADE OF VIOLATION** **C**

PRAYING THAT THE COURT WILL ORDER...

**THE ISSUANCE OF A WARRANT DIRECTING THAT THE NAMED SUPERVISED RELEASEE BE ARRESTED AND BROUGHT BEFORE THE COURT FOR A REVOCATION HEARING.**

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully,

Julia K. Roberts Digitally signed by Julia K. Roberts Date: 2026.09.01 15:06:01 -04'00'

Julia K. Roberts
Supervising U.S. Probation Officer

Place: Philadelphia, PA
Date: September 1, 2026

KMA

cc: Assistant U.S. Attorney
Defense Attorney
U.S. Marshals - Warrant Squad

ORDER OF THE COURT

Considered and ordered this 3rd day of September 2026 and ordered filed and made part of the records in the above case.

s/PAUL S. DIAMOND, J.
Paul S. Diamond
U.S. District Court Judge

**INFORMATION SHEET FOR REVOCATION OF SUPERVISION**

| | | |
|---|---|---|
| **United States of America** | ) | Case No. 2:19CR000041-001 |
| vs. | ) | |
| Rosalyn Kent | ) | |

| | |
|---|---|
| Defendant's last known Address and Telephone Number: | 4830 Roosevelt Boulevard<br>Unit 2<br>Philadelphia, PA 19124<br>215-313-1159 |
| Defendant is in custody at: | N/A |
| Defendant's last known Counsel Address and Telephone Number: | Todd Fiore, Esq. (CJA)<br>211 North 13th Street<br>Suite701<br>Philadelphia, PA 19107<br>215-704-8748<br>tfiorelaw@gmail.com |
| Assistant U.S. Attorney Address and Telephone Number: | KT Newton, Esq<br>615 Chestnut Street, Suite 1250<br>Philadelphia, PA 19106<br>215-861-8329 |

Keisha M Adams
Digitally signed by Keisha M Adams
Date: 2026.09.01 14:29:36 -04'00'

Keisha M. Adams
U.S. Probation Officer
Telephone No. 267-299-4539